IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE MLLD FARMS, INC., <br><br> Debtor. | 4:18-CV-3080 <br><br> BANKRUPTCY NO. BK17-40782 <br><br> ORDER |

This case is before the Court on the debtor's notice of appeal (filing 1). Appeals from bankruptcy court decisions must comply with 28 U.S.C. § 158 and federal and local bankruptcy rules. NEGenR 1.5(c). Accordingly, the debtor, as the appellant, shall designate the record on appeal and order a transcript of the relevant proceedings as provided by Fed. R. Bankr. P. 8009. When the record is complete, the parties shall brief the merits of the appeal as provided by the bankruptcy rules, within the time specified by Fed. R. Bankr. P. 8018 unless expedited briefing is requested. The appeal should be briefed by both the debtor and the objecting creditor, Giltner State Bank.

In addition, the Court has preliminary questions regarding the timeliness of the appeal and the appealability of the underlying order. Specifically, the Court notes that the appeal was taken within 14 days of the bankruptcy court's denial of a motion to reconsider, but 30 days after the bankruptcy court's initial denial of the debtor's motion. The Court would like the parties to address whether the motion to reconsider was a tolling motion pursuant to Fed. R. Bankr. P. 8002(b). Furthermore, the Court's jurisdiction to hear bankruptcy appeals is limited, as relevant, to "final judgments, orders, and decrees" and "other interlocutory orders and decrees" with leave of the Court. 28 U.S.C. § 158. So, the Court must determine whether an order denying permission to incur debt pursuant to 11 U.S.C. § 364 is a final order.

*See In re McCormick,* 812 F.3d 659, 661-62 (8th Cir. 2016); *see generally Bullard v. Blue Hills Bank,* 135 S. Ct. 1686, 1692-94 (2015). Alternatively, the Court must decide whether leave should be given for an interlocutory appeal. *See Matter of Zech,* 185 B.R. 334, 336-37 (D. Neb. 1995); *see also First Sec. Bank & Tr. Co. v. Vegt,* 511 B.R. 567, 576–77 (N.D. Iowa 2014); *see generally Bullard,* 135 S. Ct. at 1695.

IT IS ORDERED:

1. The Clerk of the Court shall add, as a party to this appeal, the following creditor:

   > Giltner State Bank
   > represented by Bradley D. Holbrook
   > JACOBSEN, ORR LAW FIRM
   > 322 West 39th Street
   > P.O. Box 1060
   > Kearney, NE 68848-1060
   > (308) 234-5579
   > bradh@jacobsenorr.com

2. The Clerk of the Court shall provide a copy of this order to the above-listed creditor, through counsel.

3. The debtor shall designate the record on appeal and order a transcript of the relevant proceedings as provided by Fed. R. Bankr. P. 8009.

4. The parties shall file statements, pursuant to Fed. R. Bankr. P. 8019(a), stating whether oral argument should, or need not, be permitted.

5.  Briefs shall be filed on the schedule provided by Fed. R. Bankr. P. 8018 unless expedited briefing is requested.

6.  The Clerk of the Court shall set a case management deadline for July 16, 2018 with the following docket text: check for record on appeal.

7.  In addition to addressing the merits of the appeal, the parties' briefs shall address:

    a.  Whether the time for appealing from the bankruptcy court's May 1, 2018 order was tolled by the debtor's motion to reconsider.

    b.  Whether the bankruptcy court's orders denying permission to incur indebtedness are final within the meaning of 28 U.S.C. § 158(a)(1).

    c.  Whether, if there is no final order, leave should be given for an interlocutory appeal pursuant to 28 U.S.C. § 158(a)(3).

Dated this 1st day of June, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge